# United States Court of Appeals
### For The District of Columbia Circuit

———————

**No. 20-1025**  September Term, 2019

FCC-19-126

**Filed On: April 30, 2020** [1840768]

Environmental Health Trust, et al.,

    Petitioners

    v.

Federal Communications Commission and
United States of America,

    Respondents

------------------------------

Consolidated with 20-1138

### O R D E R

It is **ORDERED**, on the court's own motion, that case No. 20-1138 be consolidated with case No. 20-1025.  It is

**FURTHER ORDERED** that the following revised briefing schedule will apply in these cases:

| | |
|---|---:|
| Petitioners' Brief(s) | June 1, 2020 |
| Respondents' Brief | July 1, 2020 |
| Petitioners' Reply Brief(s) | July 22, 2020 |
| Deferred Appendix | July 29, 2020 |
| Final Briefs | August 12, 2020 |

All issues and arguments must be raised by petitioners in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

# United States Court of Appeals
**For The District of Columbia Circuit**

_____

**No. 20-1025**                          **September Term, 2019**

The court reminds the parties that

In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

To enhance the clarity of their briefs, the parties are cautioned to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 42 (2019); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due, if feasible. See Standing Order - In re: Paper Copies of Electronic Filings in Light of the COVID-19 Pandemic (D.C. Cir. April 1, 2020). Filing by mail could delay the processing of the brief. Additionally, parties are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover, or state that the case is being submitted without oral argument. See D.C. Cir. Rule 28(a)(8).

                                                   **FOR THE COURT:**
                                                   Mark J. Langer, Clerk

                     BY:     /s/
                                                   Scott H. Atchue
                                                   Deputy Clerk