UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Environmental Health Trust, Consumers for Safe Cell Phones, Elizabeth Barris, and Theodora Scarato, Petitioners | ) ) ) ) ) | No. 20-1025 |
| v. | ) ) | On Petition for Review of an Order of the Federal Communications Commission |
| Federal Communications Commission and United States of America, Respondents | ) ) ) | |
| Children's Health Defense, Michele Hertz, Petra Brokken, Dr. David O. Carpenter, Dr. Paul Dart, Dr. Toril H. Jelter, Dr. Ann Lee, Virginia Farver, Jennifer Baran, Paul Stanley, M.Ed. Petitioners | ) ) ) ) ) ) ) ) | No. 20-1138 (Consolidated) |
| v. | ) ) ) | On Petition for Review of an Order of the Federal Communications Commission |
| Federal Communications Commission and United States of America, Respondents | ) ) ) | |

## PETITIONERS' JOINT MOTION
## TO EXTEND WORD COUNT FOR BRIEFS

The fourteen Petitioners in the above-captioned cases jointly submit this motion to permit an increased word count to 20,000 words for their principal joint brief and the principal brief to be submitted by the Respondents, respectively, and to 8,000 words for the Petitioners' reply brief. Respondents United States of

America and the Federal Communications Commission (collectively "FCC") have been consulted and indicated that they would have supported an extension of the word count for the parties' principal briefs to 17,000 words per brief, but they oppose the Petitioners' request for a 20,000 word count. The FCC, however, does not oppose the Petitioners' joint request for an extension of their reply brief to 8,000 words.

For the following reasons, the Petitioners urge the Court to grant their request to extend the briefing word count in full.

**Background**

These consolidated cases involve two petitions for review, which include three non-profit organization Petitioners and eleven individual Petitioners. The petitions challenge the FCC's Resolution of Notice of Inquiry, Second Report and Order, and the Memorandum Opinion and Order, *In the Matter of Proposed Changes in the Commission's Rules Regarding Human Exposure to Radiofrequency Electromagnetic Fields; Reassessment of Federal Communications Commission Radiofrequency Exposure Limits and Policies; Targeted Changes to the Commission's Rules Regarding Human Exposure to Radiofrequency Electromagnetic Fields*, FCC 19-126, ET Docket Nos. 03-137 and 13-84, 34 FCC Rcd 11687 (rel. Dec. 4, 2019), published 85 Fed. Reg. 18,131 (Apr. 1, 2020) ("Order").

The FCC's Order addresses radiofrequency ("RF") emissions from communications user equipment (*e.g.*, cell phones, Internet of Things-equipped devices, and earth stations), communications system infrastructure and technologies (*e.g.*, cell phone towers, boosters, repeaters, Wi-Fi routers, and space stations), along with other "intentional radiators" (*e.g.*, devices that intentionally emit radio frequency energy by radiation or induction, *see* 47 C.F.R. § 15.3(o)). such as "smart meters."

The Telecommunications Act of 1996 charged the FCC with adopting RF exposure limits. Pub. L. No. 104-104, § 704(b), 101 Stat. 56, 152 (1996). The Order seeks to resolve a range of issues, including whether the FCC's RF exposure standards ("RF standards")—largely unchanged since they were promulgated in 1996 when first generation (1G) and second generation (2G) cell phones came into use—sufficiently protect human health and safety, as well as the environment; how cell phones, particularly current generation (3G, 4G, and, prospectively, 5G) devices should be tested for compliance with those RF standards; and whether additional considerations should be made for children and underage users.

**Procedural History**

Four petitioners, including Environmental Health Trust, Consumers for Safe Cell Phones, Elizabeth Barris, and Theodora Scarato (collectively "Environmental Health Trust") filed their initial Petition for Review with this Court on January 31,

3

2020 in Case No. 20-1025. Environmental Health Trust submitted a Protective Petition for Review on April 9, 2020.

Ten petitioners, including Children's Health Defense, Michelle Hertz, Petra Brokken, Dr. David O. Carpenter, Dr. Paul Dart, Dr. Toril H. Jelter, Dr. Ann Lee, Virginia Farver, Jennifer Baran, Paul Stanley (collectively "Children's Health Defense") filed their initial Petition for Review in the United States Court of Appeals for the Ninth Circuit on February 2, 2020 in Case No. 20-70297. Children's Health Defense submitted a Supplemental Petition for Review in the same court and under the same case number on April 2, 2020. On April 24, 2020 the Ninth Circuit granted the FCC's Motion to Transfer the Children's Health Defense's Petition to this Court.

This Court received the Children's Health Defense matter and opened No. 20-1138 on April 30, 2020. By separate order on the same day, the Court consolidated the two cases and established a briefing schedule. On May 8, 2020, the Court granted an unopposed motion to amend the briefing schedule based on Children's Health Defense counsel's medical needs. (Doc. No. 1841928).

Because of unexpected continuing health issues that are inhibiting his ability to prepare certain portions of a planned joint brief to be filed on behalf of all Petitioners, counsel for Petitioners submitted a consent motion on June 8, 2020

4

seeking an extension of the briefing schedule. The FCC consented to the motion. That motion is now pending Court action.

**Request To Extend Word Counts**

To date, the Court has not issued an order specifying a word limitation on the briefs to be filed in this proceeding. In the absence of such a Court order, Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure provides that principal briefs shall each be limited to 13,000 words and reply briefs to 6,500 words.

Petitioners respectfully request that the Court increase the word limit set forth in Fed. R. App. P. 32(a)(7)(B) to 20,000 words for their principal joint brief, as well as Respondents' principal brief, and to 8,000 words for Petitioners' reply brief.  In support of this request, Petitioners contend as follows:

First, the word limits in Fed. R. App. P. 32(a)(7)(B) are inadequate because, in addition to the Petitioners addressing a complex array of substantive issues, as discussed *infra*, the Court has directed the Petitioners to address the standing of each of the fourteen Petitioners before the Court. Given this number of Petitioners, an adequate discussion of standing by itself is likely to consume a large portion of the Petitioners' principal and reply briefs. If the word limitations are not significantly extended, therefore, the Petitioners will be left with little space to address the substantive issues that, Petitioners submit, are of critical importance given the broad public health and safety concerns implicated in these proceedings.

5

Second, the substantive issues raised here are highly technical and complex and, consequently, require careful elaboration of technical and scientific facts relating to the RF radiation emitted by user equipment and base station transmitters. The administrative record—which includes over 2200 individual submissions, many with multiple attachments—contains a large number of scientific studies and related evidentiary material. Petitioners submit that an adequate explanation of these matters alone necessitates granting their request.

For example, various technologies are at issue in this case. These include cell phones and cell phone poles and transmitters—including 5G antennas that are only now being introduced into the marketplace—and many other types of intentional emitters (*e.g.*, WiFi routers, satellite transceivers, and smart meters). Each technology type has different emissions, modulations and transmission characteristics, *see* 47 C.F.R. § 2.201, and these variations raise separate issues that will need to be addressed in these appeals.

The administrative record also contains submissions addressing various medical, health, and safety issues in the context of RF emissions. Commenters submitted thousands of studies and research regarding cancer, Microwave Sickness or Electrohypersentivity, reproductive harms, DNA damage and other concerns, as well as various biological and chemical mechanisms driving those harms. Discussing these issues also requires consideration of related technical matters,

including how each technology interacts with the human body, the role pulsation and modulation (*i.e.*, how the data or information is carried by an RF signal) plays in posing health and safety risks, and cell phone testing procedures.

Third, Petitioners will be challenging the Order under a number of legal theories that involve the Administrative Procedure Act, the National Environmental Policy Act (under which the Telecommunications Act of 1996 requires the FCC to set RF standards), the Americans With Disabilities Act/Fair Housing Act, and the U.S. Constitution. The parties' briefs will therefore require some independent analysis of these matters.

The fourteen Petitioners in the consolidated cases before the Court are striving to prepare a single joint principal brief and reply brief. Each set of Petitioners grouped in the two above-captioned cases came to this matter with different interests and priorities that did not entirely overlap. The effort to align these diverse parties in one principal and one reply brief is being undertaken in recognition of the Court's stated preference for joint briefs, whenever feasible. Handbook of Practice and Internal Procedures (as amended through December 31, 2019) at 38. The Petitioners in these consolidated proceedings recognize the need to avoid duplicative material in any briefing to the extent there is some overlap, and the filing of joint briefs for all Petitioners will enable them to avoid having to file two briefs with a total allowed word count under Fed. R. App. P. 32(a)(7)(B)

of 26,000 words for two principal briefs and 13,000 words for two reply briefs. These word counts are significantly greater than the word counts requested here.

Finally, Petitioners submit that the FCC's preference that the principal briefs be limited to 17,000 words is unduly restrictive. The matters to be decided in this proceeding are not only numerous and complex, factors that alone support the Petitioners' request, but are also of critical public importance. The issues in this proceeding involve key concerns over the adequacy of the FCC's standards in protecting the health and safety of the public at large, particularly with exponential growth expected in the use of wireless services in the coming decade, including novel 5G technologies. The importance of these matters can scarcely be overstated. The FCC needs to ensure now that its quarter century-old RF standards are protective of human health and the environment going forward. These petitions raise serious and legitimate questions whether the FCC has met this burden. Against this backdrop, the allowance of an extra 3,000 words in the parties' principal briefs constitutes a reasonable accommodation.

For all of these reasons, Petitioners respectfully request that the Court extend the page limits for the principal briefs to 20,000 words per brief and to 8,000 words for Petitioners' reply brief.

Respectfully Submitted,

\_/s/_____
Edward B. Myers
Law Office of Edward B. Myers
14613 Dehaven Court
North Potomac, MD 20878
Phone: (301) 294-2190
Email: edwardbmyers@yahoo.com
Attorney for Petitioner Environmental Health Trust, *et al.*

\_/s/_____
W. Scott McCollough
McCollough Law Firm, P.C.
2290 Gatlin Creek Rd.
Dripping Springs, TX 78620
DC Circuit Bar No. 53446
EMAIL: wsmc@dotlaw.biz
TEL: 512.888.1112
FAX: 512.692.2522
Attorneys for Petitioners Children's Health Defense, *et al.*

June 10, 2020

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Consent Motion to Increase Word Count for Principal Briefs complies with the formatting and type-volume restrictions of the rules of the U.S. Court of Appeals for the District of Columbia Circuit. The motion was prepared in 14-point, double spaced, Times New Roman font, using the current version of Microsoft Word, in accordance with Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6). The motion contains 1777 words and therefore complies with Fed. R. App. P. 27(d)(2)(A).

/s/ Edward B. Myers

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2020, I electronically filed the forgoing document with the Court by using the CM/ECF system. All parties to the case have been served through the CM/ECF system.

/s/ Edward B. Myers