

Federal Communications Commission
Washington, D.C. 20554

January 26, 2021

Mark J. Langer, Clerk
United States Court of Appeals
 for the District of Columbia Circuit
333 Constitution Avenue, N.W.
Washington, D.C.  20001

>  RE:  *Environmental Health Trust, et al. v. Federal Communications Commission*, Nos. 20-1025 and 20-1138 (oral argument held January 25, 2021)

Dear Mr. Langer:

    This letter responds to Judge Henderson's request, made at oral argument yesterday, that the FCC submit information regarding the establishment, membership, and current status of (1) the Food and Drug Administration's Technical Electronic Product Radiation Safety Standards Committee (Committee) and (2) the Radiofrequency Interagency Work Group (Work Group).

    (1) The Committee was established by the Radiation Control for Health and Safety Act of 1968. Pub. L. No. 90-602, 82 Stat. 1173, 1179 (1968) (codified at 21 U.S.C. § 360kk). *See* 21 C.F.R. §§ 14.120-130. Under the statute, the Committee is to be consulted before the FDA "prescrib[es] any standard under this section." 21 U.S.C. § 360kk(f)(1)(A); *id.* at § 360kk(a)(1)(A) ("The Secretary shall by regulation prescribe performance standards for electronic products to control the emission of electronic product radiation from such products if he determines that such standards are necessary for the protection of the public health and safety."); 21 C.F.R. § 14.120 (Committee established "to provide consultation before the [FDA] prescribes any performance standard for an electronic product."). Neither the Act nor the Committee Charter, a copy of which is attached, provides for a Committee role when the FDA acts, as here, to "(A) collect and make available, through publications and other appropriate means, the results of, and other information concerning, research and studies relating to the nature and extent of

the hazards and control of electronic product radiation; and (B) make such recommendations relating to such hazards and control as [it] considers appropriate." 21 U.S.C. § 360ii(b)(1); *see* FCC Br. at 23.

In this case, the FCC, by Notice of Inquiry, sought the views of interested members of the public and expert federal agencies on the issue of whether it should reexamine its radiofrequency emission limits. JA 161-363. It specifically sought the views of the Director of the FDA's Center for Devices and Radiological Health, Dr. Jeffrey Shuren. JA 8184. No statute or regulation required the FCC to seek out the views of the Committee, or otherwise intrude into the process by which the FDA (or any other federal agency) decides to formulate its views on a matter upon which the FCC has sought comment. Indeed, FDA regulations generally prohibit federal employees from conferring with the Committee directly. 21 C.F.R. § 14.31(d). It is therefore unsurprising that the Committee was not a part of any argument advanced by any party in the agency proceeding below or by petitioners in the briefing of this case. *See* 47 U.S.C. § 405 (requiring parties to provide the Commission with an opportunity to pass on an argument before obtaining judicial review).

The Committee consists of 15 members, five from industry, five from the government (Federal, State, or local), and five from the general public, one of whom must be a representative of organized labor. 21 U.S.C. § 360kk(f)(1)(A); 21 C.F.R. § 14.127. As the FDA's website discloses, the Committee last met on October 25 and 26, 2016. https://www.fda.gov/advisory-committees/technical-electronic-product-radiation-safety-standards-committee/past-meeting-materials-technical-electronic-product-radiation-safety-standards-committee. The FDA website lists the Committee roster; there are 10 current vacancies. https://www.fda.gov/advisory-committees/technical-electronic-product-radiation-safety-standards-committee/roster-technical-electronic-product-radiation-safety-standards-committee; *see* 21 C.F.R. § 14.124(c) ("Ten members constitute a quorum").

As set forth in our brief, in declining to initiate a rulemaking to consider new radiofrequency limits to protect against non-thermal effects, the FCC relied on Dr. Shuren's April 24, 2019 letter, the FDA's assessment that the "'totality of the available scientific evidence continues to not support adverse health effects in humans caused by exposures at or under the current radiofrequency energy exposure limits,'" and the according views of other agencies and recognized

standard-setting bodies. FCC Br. at 24-25, 27-28 (internal quotations and citations omitted). Moreover, Dr. Shuren's letter was not confined to cell phones. In particular, Dr. Shuren explained that the "FDA is responsible for the collection and analysis of scientific information that may relate to the safety of cell phones *and other electronic products*. As part of our ongoing monitoring activities, we have reviewed the results and conclusions of the recently published rodent study from the National Toxicology Program in the context of *all available scientific information*, … and concluded that no changes to the current standards are warranted at this time… [T]he available scientific evidence to date does not support adverse health effects in humans due to exposures at or below the current limits." JA 8187 (emphases added).

(2) Through the Work Group, Federal Communications Commission (FCC) and FDA staff maintain a "continuing dialogue … regarding the ongoing research into the possible health effects of [radiofrequency] emissions." JA 8184 (Mar. 22, 2019 Letter from Julius P. Knapp, Chief, OET, FCC, to Dr. Jeffrey Shuren, M.D., J.D., at 1). The Work Group, the charter of which we have also attached, was established in 1995. In addition to representatives from the FDA and FCC, the Work Group is composed of officials from the Environmental Protection Administration, National Cancer Institute, National Institute on Occupational Safety and Health, National Institute of Environmental Health Sciences, National Telecommunications and Information Administration, and Occupational Safety and Health Administration. *Id.* "The purpose of the Work Group is to provide a forum to address public health, environmental, occupational, and regulatory issues pertaining to [radiofrequency] radiation and to provide a basis for technical and policy coordination among member agencies in their approach to evaluating exposures to radiofrequency energy." *Id.* As this Court has recognized, the views of the Work Group do not "represent the official policy or position of members agencies," *EMR Network v. FCC*, 391 F.3d 269, 271 (D.C. Cir. 2004), nor can the Work Group supplant the FCC's ability to initiate a Notice of Inquiry, as it did in this case, to gather the views of interested expert agencies.

Sincerely,

/s/Ashley S. Boizelle
Ashley S. Boizelle
Deputy General Counsel
Federal Communications Commission