**Law Office of Edward B. Myers**
**14613 DeHaven Court**
**North Potomac, MD 20878**
**Phone: (301) 294-2190**
**edwardbmyers@yahoo.com**

January 27, 2021

Mark J. Langer, Clerk
United States Court of Appeals
 for the District of Columbia Circuit
333 Constitution Avenue, N.W.
Washington, D.C. 20001

> RE: *Environmental Health Trust, et al. v. Federal Communications Commission*, Nos. 20-1025 and 20-1138 (oral argument held January 25, 2021)

Dear Mr. Langer:

Petitioners in these consolidated cases offer the following response to the letter submitted by the Federal Communications Commission on January 25, 2021 ("FCC's letter").

The FCC's letter far exceeds the scope of the information requested by the Court at oral argument. The Court directed the Commission solely to address whether or not the Radiofrequency Interagency Work Group [RFIAWG] and the Technical Electronic Product Radiation Safety Standards Committee [TEPRSSC] exist, and "(1) when the committee(s) was formed, (2) who the members of the committee(s) are and (3) whether the committee(s) were in existence during the pendency of the notice of inquiry, and if so, what dates."

Instead of limiting itself to these purely factual matters, section (1) of the FCC's letter (a) introduces new argument to try to justify why neither the FDA nor the FCC itself sought input from the TEPRSSC; and (b) argues

anew the alleged justification for the FCC's reliance on conclusory statements made by Dr. Jeffrey Shuren in the *Order* on appeal.

　　　First, this goes well beyond the scope of the Court's request and is generally improper since the time for submitting briefs in these cases is long past. Furthermore, while the FCC may be able to speak to its reasons for not consulting the TEPRSSC, the FCC has offered no reason why or how it can speak to the motivations of the FDA. Accordingly, Petitioners ask the Court to disregard all of the argument in section (1) of the FCC's letter in its entirety.

　　　Second, assuming the Court is disposed to consider the FCC's uninvited argument regarding the potential input that TEPRSCC might have offered if it had been sought, Petitioners observe that no law or regulation prevented the FCC or the FDA from consulting the TEPRSSC and/or the RFIAWG and taking their views into account.[1] In this respect, the FCC's reliance in section (1) of the letter on 21 CFR § 14.31(d) is misplaced. The cited rule regulates conduct at meetings of the TEPRSSC in order to "prevent inadvertent violation of Federal conflict of interest laws and laws prohibiting disclosure of trade secrets." Nothing in that regulation would have prohibited either the FCC or the FDA from seeking the views of the TEPRSSC, including asking the TEPRSSC to review the record below. The FCC's further implication that TEPRSSC can only act if the Secretary is actively contemplating a standard is also incorrect. 21 C.F.R. § 14.122(1) and (3) explicitly allow the committee to propose standards and make recommendations on "any other matters." The FDA and Dr. Shuren were free to ask for input from this Committee but apparently did not do so.

Respectfully submitted,

/s/*Edward B. Myers*
Edward B. Myers
*Counsel for Petitioners*

---

[1] The current membership of the RFIAWG is not reflected in the record but the administrative record does provide a membership list as of 1999 at https://ecfsapi.fcc.gov/file/7520941598.pdf.

2

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter contains 539 words according to the count of Microsoft Word.

/s/ *Edward B. Myers*

Edward B. Myers

## CERTIFICATE OF SERVICE

I hereby certify that, on January 27, 2021, I filed the foregoing in the United States Court of Appeals for the District of Columbia Circuit via the CM/ECF system. I further certify that all parties are registered CM/ECF users, and that service will be accomplished via electronic filing.

/s/ *Edward B. Myers*

Edward B. Myers