20-1025 (Lead); 20-1138 (Consolidated)

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

ENVIRONMENTAL HEALTH TRUST; CONSUMERS FOR SAFE CELL PHONES; ELIZABETH BARRIS; THEODORA SCARATO

CHILDREN'S HEALTH DEFENSE; MICHELE HERTZ; PETRA BROKKEN; DR. DAVID O. CARPENTER; DR. PAUL DART; DR. TORIL H. JELTER; DR. ANN LEE; VIRGINIA FARVER, JENNIFER BARAN; PAUL STANLEY, M.Ed.
*Petitioners*

v.

FEDERAL COMMUNICATIONS COMMISSION;
UNITED STATES OF AMERICA
*Respondents*

Petition for Review of Order Issued by the
Federal Communications Commission

## OPPOSED APPLICATION BY MOTION OF PETITIONER CHILDREN'S HEALTH DEFENSE FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

This Application by Motion ("Motion) is submitted pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Petitioner Children's Health Defense and its aligned individual petitioners ("CHD") respectfully move the Court for an award of reasonable attorneys' fees in the amount of $184,515.07 for legal work performed in connection with the above-captioned action.

This application satisfies all requirements for an award of attorneys' fees under EAJA. See 28 U.S.C. § 2412(d). The motion is timely filed; the fee request

uses the applicable statutory formula and is far below the U.S. Justice Department's "Fitzpatrick matrix" deemed reasonable amounts for the years in issue, the prevailing market rate and counsel's standard rate. The hours are reasonable and reasonably explained and justified.

The Commission has indicated that it will oppose this motion. Counsel for the Environmental Health Trust Petitioners in 20-1025 do not oppose this motion.

## PROCEDURAL HISTORY

The FCC issued the challenged order on December 4, 2019. Two different Petitioner groups sought review. CHD filed in the Ninth Circuit[1] and the other Petitioner group came to this Court.[2] The Commission sought and ultimately obtained transfer of the Ninth Circuit case to this Court. This Court received the transferred case on April 30, 2020, promptly opened Case No. 20-1138 and consolidated the matter with Case No. 20-1025 for purposes of briefing and argument.[3] The consolidated cases were then briefed through the rest of 2020 and argued in January 2021. The panel issued its decision granting relief and

---

[1] *Children's Health Defense; et al., v. Federal Communications Commission; United States of America*, Ninth Circuit Case No. 20-70297 (filed Feb. 2, 2020).

[2] *Environmental Health Trust, Consumers for Safe Cell Phones, Elizabeth Barris, and Theodora Scarato v. Federal Communications Commission; United States of America*, D.C. Circuit Case No. 20-1025, Doc. #1827086 (filed Jan. 31, 2020).

[3] Doc. #1840768, Consolidation Order, Nos. 20-1025 and 20-1138 (April 30, 2020).

remanding to the Commission on August 13, 2021.[4] No party sought rehearing or *certiorari*, and the Judgment became final on November 11, 2021. The 28 U.S.C. §2412(d)(1)(B) fee application deadline is nominally December 11, 2021 but since that is a Saturday the deadline is continued until the end of Monday December 13, 2021. Fed. R. App. P. 26(a)(1)(c).

## PETITIONERS ARE "PREVAILING PARTIES"

28 U.S.C. §2412(D)(1)(A) provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs[5] awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." A party prevails if it succeeds in obtaining a remand requiring further administrative proceedings in light of agency error on at least some of the issues and the matter is terminated at the appeals court level. *SecurityPoint Holdings, Inc. v. Transp. Sec. Admin.*, 836 F.3d 32, 39 (D.C. Cir. 2016).

---

[4] Slip Op. Document #1910111 (Aug. 13, 2021), reported at 9 F.4th 893.
[5] Petitioners have already recovered their costs by order dated September 14, 2021 (Doc. #1914102). This Motion seeks only attorney's fees and related Paralegal fees.

This Court sustained several of Petitioners' points of error and remanded to the Commission with instructions to provide a "reasoned explanation for its determination that its guidelines adequately protect against harmful effects of exposure to radiofrequency radiation unrelated to cancer."[6] (henceforth the "Remanded Issues") 9 F.4th at 902-911, 914. The matter was then terminated at the appeals court level. Thus, Petitioners are "prevailing parties."

## PETITIONER CHD IS ELIGIBLE FOR FEES UNDER THE EAJA

28 U.S.C. §2412(d)(2)(B) lists the persons and entities that are "eligible" "parties" for purposes of fee shifting. The relevant portions provide:

> (B) "party" means … (ii) … an organization described in section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. 501(c)(3)) exempt from taxation under section 501(a) of such Code, … may be a party regardless of the net worth of such organization or cooperative association …

Children's Health Defense ("CHD") is a national non-profit 501(c)(3) organization whose mission is to end the epidemic of children's chronic health conditions by working aggressively to eliminate harmful exposures to environmental toxins via education, obtaining justice for those already injured and

---

[6] The Court added that the Commission "must, in particular, (i) provide a reasoned explanation for its decision to retain its testing procedures for determining whether cell phones and other portable electronic devices comply with its guidelines, (ii) address the impacts of RF radiation on children, the health implications of long-term exposure to RF radiation, the ubiquity of wireless devices, and other technological developments that have occurred since the Commission last updated its guidelines, and (iii) address the impacts of RF radiation on the environment."

4

promoting protective safeguards. CHD has no parent corporation, and no publicly-held company has a 10% or greater ownership interest in the organization. *See* Petitioners' Opening Brief, p. 4 (iv), Doc #1870852 (Nov. 12, 2020). CHD funded this litigation on behalf of all CHD-related Petitioners and is therefore eligible to recover fees, assuming all other criteria are met. McCollough Declaration ¶5.

## THE "POSITION OF THE UNITED STATES WAS NOT SUBSTANTIALLY JUSTIFIED" AS TO THE "REMANDED ISSUES"

The Petitioners allege and aver that the FCC's "position was not substantially justified" as to the "Remanded Issues" "on the basis of the record (including the record with respect to the action or failure to act by the agency…)." 28 U.S.C. §2412(d)(1)(B), (d)(2)(D). The FCC has the burden on this question. 28 U.S.C. §2412(d)(1)(A), (B), (3); *SecurityPoint Holdings*, 836 F.3d at 40.

The Court found that the Commission's Order was "arbitrary and capricious in its failure to respond to record evidence that exposure to RF radiation at levels below the Commission's current limits may cause negative health effects unrelated to cancer." 9 F.4th at 903. "Ultimately, the Commission's order remains bereft of any explanation as to why, in light of the studies in the record, its guidelines remain adequate." 9 F.4th at 906. The Order below completely lacked any "reasonable basis" for its non-cancer related determinations, and the agency "ignore[d] evidence suggesting that a major factual predicate of its position may no longer be accurate." "[T]he studies in the record to which Petitioners point do

5

challenge a fundamental premise of the Commission's decision to terminate its notice of inquiry—namely, the premise that exposure to RF radiation at levels below the Commission's current limits does not cause negative health effects. But the Commission said nothing at all in its order about any specific health effects unrelated to cancer." 9 F.4th at 907. The decision then goes through several particular issues where the Order lacked a reasonable basis. 9 F.4th at 908-10. First, the FCC provided an inadequate explanation for why it chose to not modify its testing procedures. Second, "the Commission equally failed to provide a reasoned explanation for brushing off record evidence addressing non-cancer-related health effects arising from the impact of RF radiation on children." Third, the Order failed to "discuss the implications of long-term exposure to RF radiation, exposure to RF pulsation or modulation, or the implications of technological developments that have occurred since 1996, including the ubiquity of wireless devices and Wi-Fi, and the emergence of '5G' technology." Finally, "the Commission also completely failed even to acknowledge, let alone respond to, comments concerning the impact of RF radiation on the environment. That utter lack of a response does not meet the Commission's obligation to provide a reasoned explanation for terminating the notice of inquiry." In sum the Order did not "meet even the low threshold of reasoned analysis required by the APA under the deferential standard of review that governs here." 9 F.4th at 910.

It is true that "a finding that an agency's action was arbitrary and capricious doesn't preclude a decision that the action was substantially justified." *SecurityPoint Holdings*, 836 F.3d at 39, *citing FEC v. Rose*, 806 F.2d 1081, 1087-90 (D.C. Cir. 1986). A position is "substantially justified" "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). The FCC must demonstrate the reasonableness the agency's action and its litigation position. *SecurityPoint Holdings*, 836 F.3d at 40, *citing Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 967 (D.C. Cir. 2004). The government's position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *LePage's 2000, Inc. v. Postal Regulatory Comm'n*, 674 F.3d 862, 866 (D.C. Cir. 2012) (*quoting Pierce*, 487 U.S. at 565). A litigating position is substantially justified if the underlying agency action and the legal arguments in defense of the action had "a reasonable basis both in law and fact." *Pierce*, 487 U.S. at 565; *Halverson v. Slater*, 206 F.3d 1205, 1208 (D.C. Cir. 2000). That standard demands more than mere non-frivolousness, but less than a showing that the government's "decision to litigate was based on a substantial probability of prevailing." *Taucher v. Brown-Hruska*, 396 F.3d 1168, 1173 (D.C. Cir. 2005) (*quoting Spencer v. NLRB*, 712 F.2d 539, 557 (D.C. Cir. 1983)).

If the FCC attempts to justify its position below and here the Court will be "obliged to reexamine the facts under a different legal standard to determine whether that conduct is slightly more than reasonable." *FEC v. Rose*, 806 F.2d at 1089. The ultimate question is whether the agency position and action below had "substantial merit" and was "sufficient to satisfy EAJA's 'substantially justified' standard." 806 F.3d at 1092.

The FCC's determinations below lacked a reasonable basis and failed even the lowest possible APA-based level of review with the most deference. The agency's litigating position was in large part prohibited *post-hoc* rationalization regarding the Remanded Issues. Petitioners aver and assert that the agency's position below on the Remanded Issues has little to no justification and its litigating position before the Court was not substantially justified.

## THE REQUESTED FEES ARE REASONABLE

Where a prevailing party is entitled to fees, EAJA authorizes an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). To determine whether a fee request is reasonable, this Court "consider[s] first the hourly rate and then the number of hours requested." *Role Models Am.*, 353 F.3d at 968.

A.  CHD requests the EAJA statutory CPI-adjusted rate for attorneys' fees and $60 per hour for Paralegal fees.

EAJA provides that attorneys' fees "shall be based upon prevailing market rates" for the services provided, but "shall not be awarded in excess of $125 per

8

hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "'[C]ourts routinely approve cost-of-living adjustments," and (as of 2004) this Court could "f[i]nd no case where [it] denied one." *Role Models Am.*, 353 F.3d at 969; see also, *e.g.*, *Haselwander v. McHugh*, 797 F.3d 1, 3 (D.C. Cir. 2015) (*per curiam*) (upholding a $125 "rate adjusted for the cost of living in the Washington, D.C. area in the years that the work hours were performed").

A cost-of-living adjustment is calculated by dividing the Consumer Price Index ("CPI-U") for the Washington, D.C. area for the year[s] the services were rendered, by the baseline CPI-U for 1996 when Congress set the $125 per hour cap. CHD's counsel independently obtained the source data and performed this calculation for each of the relevant two calendar years. Counsel then located decisions by other authorities that routinely rule on EAJA applications and compared his results to theirs for the respective years for validation. CHD's cost-of-living adjustment calculations result in attorney hourly rates of $214.48 for all of 2020 and $219.65 for the first half of 2021. McCollough Declaration ¶12 (explaining calculations).

McCollough is an experienced administrative and telecommunications lawyer, with over 35 year's experience. McCollough has handled more than two thousand state and federal agency proceedings (rulemakings and adjudications) and

9

more than one hundred judicial appeals or reviews. McCollough Declaration __ McCollough's actual billing rate for this matter was $300 per hour, which represents a significant discount from his standard $350 per hour fee, and even that is almost half of what other administrative law and telecommunications lawyers practicing in the D.C. area typically charge. McCollough Declaration ¶¶6-7, 10-11.

Moreover, the requested rates are reasonable because they are substantially lower than actual "rates charged in private representations" for the same services. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A firm's customary hourly rates are "presumptively" reasonable and reflective of prevailing market rates. *Laffey v. Nw. Airlines, Inc.*, 746 F.2d 4, 24–25 (D.C. Cir. 1984). Because the claimed rates are substantially lower than the actual rates McCollough customarily charges for the same services, they are necessarily fair and reasonable.

These requested hourly rates are also reasonable because they are considerably less than "prevailing market rates" for the services provided. 28 U.S.C. §2412(d)(2)(A). In light of *DL v. District of Columbia*, 924 F.3d 585 (D.C. Cir. 2019) the U.S. Attorney's Office for the District of Columbia, Civil Division now uses the "Fitzpatrick" matrix to establish prevailing market rates in the Washington, D.C. area. The current "Fitzpatrick matrix" (Hourly Rates for Legal Fees for Complex Federal Litigation in the District of Columbia" for attorneys

with 35+ years' experience was $731 per hour in 2020 and is now $736 per hour. McCollough Declaration ¶11.[7]

CHD seeks fees only at EAJA's statutory rate of $125 per hour, plus an upward adjustment for cost-of-living increases. The cost-of-living adjustments have been calculated based on the Consumer Price Index for All Urban Consumers (CPI-U) for the Washington, D.C. area. Attachment C is a true and correct copy of CPI-U data for the years 2020 and 2021, which was obtained from the Bureau of Labor Statistics. The cost-of-living adjustments reflect the annual CPI-U data for 2020 and the semi-annual CPI-U data for 2021. The statutory cap is $125. The CPI-U annual average for when that cap was enacted in March of 1996 was 155.7. The 2020 CPI-U for 2020 was 267.157 and the CPI-U for the first half-year of 2021 is 273.603.[8] The basic formula for the calculation is:

---

[7] Fitzpatrick Matrix note 2 recognizes it is not intended for use in cases in which the hourly rate is limited by statute. *E.g.*, 28 U.S.C. § 2412(d). Petitioners refer to it only to justify reasonableness. As noted they are using the statutory formula.

[8] The CPI-U data for the first half of 2021 is the most recent data currently available. See Attachment C.

$$\frac{\$125 \times \text{CPI-U for year work performed}}{155.7}$$

The adjusted annual billing rates for 2020 and 2021 are:

2020 rate = ($125 × 267.157) / 155.7) = $214.48 per hour

2021 rate = ($125 × 273.603) / 155.7) = $219.65 per hour

*See* McCollough Declaration ¶12.

McCollough Law Firm PC also used a Paralegal (Pandy Shen). Ms. Shen was a third-year law student at the University of Texas. She was specifically hired for this project because of her unique skills that fit the firm's needs. Ms. Shen was adept at managing and organizing large volumes of files and documents for case presentation and also well-versed in grammar and writing. Ms. Shen oversaw and substantially involved in the major task of document identification within the FCC record, then the gathering, organization and creation of the deferred appendix. Ms. Shen also assisted in the preparation of the Standing affidavits and reviewed and commented on the briefing content. McCollough Declaration ¶¶25-26.

The firm billed a Paralegal rate of $60 per hour. McCollough Declaration ¶26. This is significantly lower than the U.S. Attorney's Office for the District of Columbia, Civil Division "Fitzpatrick matrix" 2020 ($199) and 2021 ($200) amounts for "Paralegals/Law Clerks." The $60 per hour rate is therefore reasonable.

In *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571 (2008), the Supreme Court held that a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates. The petitioner's law firm in that 2008 case billed paralegal fees "ranging from $50 per hour to $95 per hour." The Supreme Court found that those amounts were reasonable and within the market rate during the period involved (2004-2005). Therefore $60 per hour is reasonable and clearly below the market rate for Paralegal/Law Clerks in 2020-2021. McCollough Declaration.

B.   The hours claimed are reasonable.

The Petitioners admittedly did not prevail regarding every contention in support of remand. The Court held the Commission offered an adequate explanation for its determination that exposure to RF radiation at levels below the Commission's current limits does not cause cancer, 9 F.4th at 911-912, rejected Petitioners' arguments on other "additional legal considerations" because they were not preserved below, 9 F.4th at 912-913, and it found the Commission was not required to issue a (NEPA) "EA or EIS because there was no ongoing federal action regarding its RF limits." 9 F4th at 913-914. When a Petitioner does not succeed on all issues the Court proceeds in the manner stated in *SecurityPoint Holdings*, 836 F.3d at 40:

> A first cut in measuring that extent depends, where there are multiple claims for relief, on whether the successful claims are "related" to the unsuccessful

13

> ones. Hours spent on unsuccessful claims that are "distinct in all respects from" the successful ones should be excised. By contrast, where successful and unsuccessful claims are related, "a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the [] court did not adopt each contention raised."

*SecurityPoint Holdings*, 836 F.3d at 40 (cleaned up)(*citing Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983))

The Petitioners sought an order from this Court remanding to the Commission and requiring reasoned decisionmaking with regard to the order terminating the Notice of Inquiry. It was one "lawsuit" seeking a specific type of relief (remand for reasoned decisionmaking) and all individual arguments in support of that relief were related; in other words, they were different "contentions" raised in support of the same relief and all concerned the same factual scenario. *Am. Petroleum Inst. v. United States EPA*, 72 F.3d 907, 911-12 (D.C. Cir. 1996). The case could not have been brought or litigated though "separate lawsuits." *C.f.*, *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Thus all efforts toward the single form of relief sought should be recoverable since Petitioners obtained the goal sought (remand for reasoned decision). *Am. Petroleum Inst., supra.*; *Hensley, supra.*; *Goos v. Nat'l Ass'n of Realtors*, 68 F.3d 1380, 1385 (D.C. Cir. 1995). Stated succinctly, Petitioners obtained "excellent results" and any "reduction must be justified in light of the [Petitioners'] overall degree of success." *Goos v. Nat'l Ass'n of Realtors*, 74 F.3d 300, 302 (D.C. Cir. 1996) (on rehearing).

The McCollough Declaration and Attachment D lists each activity required for prosecution of this case, using $1/10^{th}$ hour increments. McCollough also describes the source of the information and the downward adjustments that were made. These adjustments remove entries for activities that are not typically recoverable. Further voluntary adjustments were made to remove the activity for the arguments that were not accepted by the Court as a basis for remand. McCollough Declaration ¶¶18-24. The claimed hours, net of all reductions are 707.5 attorney and 234.2 Paralegal hours in 2020, and 85.2 attorney and 0 Paralegal hours in 2021. The total hours for both years are 792.7 attorney hours and 234.2 Paralegal hours. McCollough Declaration ¶28. This is a reasonable number of hours given the size of the record below, the complicated scientific and technical matters involved and the importance of the case.

CHD avers and believes that the amount requested herein are reasonable and that CHD deserves a fee award of **$184,515.07**.

## CONCLUSION

Petitioners respectfully request that the Court grant their motion and award **$184,515.07** as reasonable attorneys' and Paralegal fees pursuant to the Equal Access to Justice Act.

Dated: December 13, 2021

Respectfully submitted,

/s/ W. Scott McCollough
W. Scott McCollough
McCollough Law Firm, P.C.
2290 Gatlin Creek Rd.
Dripping Springs, TX 78620
Phone: 512-633-3498
wsmc@dotlaw.biz

*Counsel for CHD Petitioners in 20-1138*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the formatting and type-volume restrictions of the rules of the U.S. Court of Appeals for the District of Columbia Circuit. The Motion was prepared in 14-point, double spaced, Times New Roman font, using the current version of Microsoft Word, in accordance with Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6). The Motion contains 3,343 words and therefore complies with Fed. R. App. P. 27(d)(2)(A).

 /s/ W. Scott McCollough

## CERTIFICATE OF SERVICE

I hereby certify that, on December 13, 2021, I filed the foregoing in the United States Court of Appeals for the District of Columbia Circuit via the CM/ECF system. I further certify that all parties are registered CM/ECF users, and that service will be accomplished via electronic filing.

*/s/ W. Scott McCollough*
W. Scott McCollough