**Nos. 20-1025, 20-1138**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

Environmental Health Trust, et al.,

*Petitioners,*

v.

Federal Communications Commission
and United States of America,

*Respondents.*

On Motions for Attorneys' Fees

## CORRECTED CONSENT MOTION FOR
## EXTENSION OF TIME TO FILE RESPONSE

Pursuant to Federal Rules of Appellate Procedure 26(b) and 27(a)(3)(A) and Circuit Rule 27(h), respondents respectfully request an extension of time to and including January 14, 2022, within which to file a response to the motions of petitioners in the above-captioned cases for attorneys' fees and expenses, and to and including January 25, 2022, within which to file petitioners' replies to the response. Counsel for the respondents have contacted counsel for the petitioners and are authorized to state that all petitioners consent to this motion.

## BACKGROUND

**1.** The FCC's rules specify limits for human exposure to radiofrequency (RF) emissions from FCC-authorized equipment above which environmental analysis is required. 47 C.F.R. §§ 1.1307, 1.1310. The FCC adopted the limits in 1996, relying heavily on the views of federal health and safety agencies. In a subsequent case, this Court affirmed the agency's refusal to reconsider the limits in response to new scientific studies, finding nothing in the studies "so strongly evidencing risk as to call into question the Commission's decision to maintain a stance of what appears to be watchful waiting." *EMR Network v. FCC*, 391 F.3d 269, 274 (D.C. Cir. 2004).

**2.** In 2019, the FCC declined to initiate a rulemaking to consider changes to the RF limits. *Resolution of Notice of Inquiry*, 34 FCC Rcd 11687 ¶ 10-16 (2019) (*Order*). The Food and Drug Administration (FDA) advised the FCC that "'the totality of the available scientific evidence continues to not support adverse health effects in humans caused by exposures at or under the current radiofrequency energy exposure limits.'" *Id.* n.42 ((quoting *Statement from Jeffrey Shuren, M.D., J.D., director of the FDA's Center for Devices and Radiological Health on the*

*recent National Toxicology Program draft report on radiofrequency energy exposure* (Feb. 2, 2018)).

**3.** On review, in a 2-1 decision, a panel of this Court held that the FCC "failed to provide a reasoned explanation for its determination that its guidelines adequately protect against the harmful effects of exposure to radiofrequency radiation unrelated to cancer." *Environmental Health Trust v. FCC*, 9 F.4th 893, 900 (D.C. Cir. 2021). The panel majority acknowledged that the FCC may rely on the FDA's expertise, but stated that the FCC cannot "rubber stamp" the FDA's judgment. *Id.* at 906. In the majority's view, the FDA did not adequately explain why it determined, "despite the studies and comments that Petitioners cite, that exposure to RF radiation at levels below the Commission's current limits does not cause harmful health effects." *Id.* at 905. However, the majority concluded that the FCC responded adequately to evidence that exposure at levels below its RF limits may cause cancer. *Id.* at 911-12.

Without vacating the *Order*, the majority remanded for the FCC "to provide a reasoned explanation for its determination that its guidelines adequately protect against harmful effects of exposure to radiofrequency radiation unrelated to cancer." *Id.* at 914. In doing so,

the majority emphasized that "we take no position in the scientific debate regarding the health and environmental effects of RF radiation." *Id.*

Judge Henderson dissented from the majority's decision to remand, stating : "In my view, the Commission, relying on the FDA, reasonably concluded no changes to the current RF exposure limits were warranted at the time." *Id.* at 919.

**4**. Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, *et seq.*, petitioners Environmental Health Trust, *et al.* filed a motion for attorneys' fees and expenses in the amount of $174.374.25 on December 10, 2021. Petitioners Children's Health Defense, *et al.* filed a motion for attorneys' fees in the amount of $184,515.07 on December 13, 2021.

## DISCUSSION

Pursuant to Fed. R. App. P. 27(a)(3), the response to the motions for attorneys' fees is currently due on Monday, December 20 (for petitioners Environmental Health Trust, et al.) and Thursday, December 23 (for petitioners Children's Health Defense, *et al.*). Given the impending holidays and leave plans of government counsel, the additional time sought in this motion is reasonably needed to permit

- 4 -

consultation with the affected government components and adequate preparation of the response. The additional time for replies to the response is reasonably needed to accommodate conflicting work obligations and the leave plans of counsel for petitioners.

## CONCLUSION

For the foregoing reasons, the Court should extend the date for respondents' response to petitioners' motions for attorneys' fees to and including January 14, 2022, and to and including January 25, 2022, within which to file petitioners' replies to the response.

Dated:  December 16, 2021

Justin D. Heminger
   *Attorney*
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave. NW
Washington, DC 20530

Respectfully submitted,

/s/  William J. Scher

P. Michele Ellison
   *Acting General Counsel*

Jacob M. Lewis
   *Acting Deputy General Counsel*

William J. Scher
   *Counsel*

FEDERAL COMMUNICATIONS
   COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

- 5 -

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Circuit Rule 32(e)(1):

   ☒ this document contains <u>740</u> words, *or*

   ☐ this document uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word for Office 365</u> in <u>14-point Century Schoolbook</u>, *or*

   ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

<u>/s/  *William J. Scher*           </u>
William J. Scher
*Counsel for Respondent*
*Federal Communications Commission*