20-1025 (Lead); 20-1138 (Consolidated)

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

ENVIRONMENTAL HEALTH TRUST; CONSUMERS FOR SAFE CELL PHONES; ELIZABETH BARRIS; THEODORA SCARATO

CHILDREN'S HEALTH DEFENSE; MICHELE HERTZ; PETRA BROKKEN; DR. DAVID O. CARPENTER; DR. PAUL DART; DR. TORIL H. JELTER; DR. ANN LEE; VIRGINIA FARVER, JENNIFER BARAN; PAUL STANLEY, M.Ed.
*Petitioners*

v.

FEDERAL COMMUNICATIONS COMMISSION;
UNITED STATES OF AMERICA
*Respondents*

On Motions for Attorneys' Fees

**PETITIONER CHILDREN'S HEALTH DEFENSE REPLY TO OPPOSITION TO MOTIONS FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Petitioner Children's Health Defense ("CHD") moved for an award of reasonable attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Motion sought $184,515.07 for legal work performed in connection with the above-captioned action. Respondent FCC and the United States of America (collectively "FCC") filed a timely opposition ("Opposition"). CHD submits its reply in support.

The FCC concedes Petitioner substantially prevailed and is an eligible "party." Opposition pp. 7, 17, 18.[1] The Commission does not claim there are "special circumstances" that would "make an award unjust," 28 U.S.C. §2412(d)(1)(A), or that CHD or EHT "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy," 28 U.S.C. §2412(d)(1)(C). Nor does the Opposition take issue with CHD's EAJA CPI-adjusted hourly fee calculation.

The Opposition asserts the Government's position was "substantially justified," thus precluding any recovery. It then argues, without substantiation, that if recovery is allowed the total amount requested is "excessive" and should be reduced "by at least fifty percent" (or by $92,257.54 for CHD).

Finally, FCC contests certain billing entries totaling approximately 206.8 CHD attorney hours ($44,468.80 in attorneys' fees).[2] If the Court denies recovery of the <u>specifically</u>-challenged entries, the reduction would be around 24.2% of the total requested by CHD and lead to a fee award of $139,846.27.

---

[1] Opposition pp. 5, 18 contend Petitioners did not get "the full relief they requested" since they sought *vacatur* <u>and</u> remand but the Court granted remand without *vacatur*. Remand was significant success: the petitioners will get the reasoned decisionmaking they sought. *Vacatur* would not add much since the *Order* did not adopt any rules and the procedural impact is minor at best.

[2] The Opposition does not expressly contest any part of CHD's claim for 234.2 paralegal hours at $60/hour for a total of $14,052.00.

2

The parties do not significantly differ regarding the law and precedent on EAJA applications. They appear to agree the FCC has the burden of proving its position was substantially justified and CHD has the burden regarding its fee claim in whole and for each part. Nor is there any meaningful disagreement that this is a matter largely determined by this Court's equitable judgment (subject to the statutory test) of a just outcome.

The FCC has not proven its position was "substantially justified. The total hours are not excessive. CHD's detailed records prove the activity was justified and the hours were reasonably explained. The Court should grant the Motion.

## FCC HAS NOT CARRIED ITS BURDEN OF SHOWING ITS POSITION WAS "SUBSTANTIALLY JUSTIFIED" BELOW AND BEFORE THE COURT

Respondent did not meet its burden of showing its position was substantially justified. 28 U.S.C. §2412(d)(1)(A), (B), (d)(2)(D); (d)(1)(A), (B), (3); *SecurityPoint Holdings, Inc. v. Transp. Sec. Admin.*, 836 F.3d 32, 40 (D.C. Cir. 2016). A position is "substantially justified" "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). The FCC must also demonstrate the reasonableness of its litigation position. *SecurityPoint Holdings*, 836 F.3d at 40, *citing Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 967 (D.C. Cir. 2004). The government's position must be "justified in substance or in the main—that is,

3

justified to a degree that could satisfy a reasonable person." *LePage's 2000, Inc. v. Postal Regulatory Comm'n*, 674 F.3d 862, 866 (D.C. Cir. 2012) (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The Court's charge is to "reexamine the facts under a different legal standard to determine whether that conduct is slightly more than reasonable." *FEC v. Rose*, 806 F.2d 1081, 1089 (D.C. Cir. 1986). The ultimate question is whether the agency position and action below had "substantial merit" and was "sufficient to satisfy EAJA's 'substantially justified' standard." 806 F.3d at 1092.

Petitioners concede that "a finding that an agency's action was arbitrary and capricious doesn't preclude a decision that the action was substantially justified." *SecurityPoint Holdings*, 836 F.3d at 39. At the same time, however, a finding that part of the agency's position had sufficient justification does not preclude recovery where its position was not justified for other parts. The question is whether the agency's overall action below, and then its litigating position before the Court regarding the action, were substantially justified in each respect. *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 564 (6th Cir. 2021).

The agency action was not substantially justified with regard to non-cancer issues. The Court found that the Commission's Order was "arbitrary and capricious in its failure to respond to record evidence that exposure to RF radiation at levels below the Commission's current limits may cause negative health effects unrelated

4

to cancer." 9 F.4th at 903. "Ultimately, the Commission's order remains bereft of any explanation as to why, in light of the studies in the record, its guidelines remain adequate." 9 F.4th at 906. The Order below completely lacked any "reasonable basis" for its non-cancer related determinations, and the agency "ignore[d] evidence suggesting that a major factual predicate of its position may no longer be accurate." "[T]he Commission also completely failed even to acknowledge, let alone respond to, comments concerning the impact of RF radiation on the environment. In sum the *Order* (and thus the action below) did not "meet even the low threshold of reasoned analysis required by the APA under the deferential standard of review that governs here." 9 F.4th at 910.

"[T]he court's merits reasoning may be quite relevant to the resolution of the substantial justification question." *F.J. Vollmer Co., Inc. v. Magaw*, 102 F.3d 591, 595 (D.C. Cir. 1996). The majority opinion here had strong language. This is "evidence in support of an award of fees." *Former Emples. of BMC Software, Inc. v. United States Sec'y. of Labor*, 31 Ct. Int'l Trade 1600, 1611, 519 F. Supp. 2d 1291, 1301 (2007). The FCC *Order* reliance on the FDA letter was barely adequate under the lowest possible APA-based judicial deference as to cancer issues. The FCC could not rationally support negative findings on non-cancer issues since FDA did not address them. The FCC doggedly stuck to its "non-thermal" theory in the face of compelling scientific and medical evidence of biological responses to

5

non-thermal exposure that can lead to adverse non-cancer related health and environmental consequences.[3] This case should not have been necessary.

The FCC's non-cancer determinations failed the lowest possible APA-based level of review with the most deference. They similarly fail the even lower "reasonable basis" test. The agency's litigating position was in large part prohibited *post-hoc* rationalization because there was nothing in the *Order* to defend. A fee award is appropriate.

## CHD'S REQUESTED FEES ARE REASONABLE

**A.    The total amount claimed by both petitioner groups is objectively reasonable.**

FCC's contention that the two Petitioner groups' collective-requested-amount is excessive ignores that this matter involved separate petitions for review by two different petitioner groups, each with differing priorities and perspectives in several respects. The rules requiring consolidation have a cost consequence. There is bound to be some overlap in work because each legal team (and each client, using input from its experts) must independently assess each potential issue and then negotiate with the other team to obtain a common theory of the case.

The record below was massive. Neither legal team was involved while the matter was before the Commission. After the *Order* was issued each counsel had to

---

[3] The cancer evidence is also strong. The Court, however, held the FCC had some basis to rely on the FDA letter contending otherwise.

learn all the material, consult with experts and then quickly and coherently apply the legal issues consistent with the interests of their respective clients. Counsel had to negotiate with the other team and reach agreement on all these things, while still carrying out their respective and ultimate duties of zealous representation of their own clients' interests. *See Californians for Alts. to Toxics v. United States Forest Serv.*, 2007 U.S. Dist. LEXIS 78424, at *29-31 (E.D. Cal. Oct. 10, 2007); *see also Former Emples.*, 519 F. Supp. 2d at 1333 (and cases cited therein). The total claimed by both parties is objectively reasonable.

FCC contends the claimed amounts should be reduced by "at least 50%." Up-front percentage reductions without review of the billing detail are "generally frowned upon." Instead, courts are supposed to use the approach set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009); *Or. Nat. Desert Ass'n v. Vilsack*, No. 2:07-cv-01871-HA, 2013 U.S. Dist. LEXIS 92766, at *11-12 (D. Or. July 2, 2013).

At the same time, "trial courts[4] need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into

---

[4] For purposes of the Motion this panel is performing trial court like functions. It is the one with the "superior understanding of the litigation." The decision will be subject to "abuse of discretion" review.

7

account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

## B. The total amount claimed by CHD is objectively reasonable.

Respondents generally complain that the number of hours is facially unreasonable. This is unpersuasive. A court should not reduce the overall award "simply based on the general objection that the hours billed are excessive." *Open Cmtys. All. v. Carson*, Civil Action No. 17-2192 (BAH), 2018 U.S. Dist. LEXIS 106303, at *16 (D.D.C., June 15, 2018); *Blackman v. Dist. of Columbia*, 56 F. Supp. 3d 19, 28 (D.D.C., 2014).

When a Petitioner does not succeed on all claims, the Court proceeds in the manner stated in *SecurityPoint Holdings*, 836 F.3d at 40. The Court determines whether the successful claims are "related" to the unsuccessful ones. Hours spent on unsuccessful claims that are "distinct in all respects from" the successful ones should be excised. By contrast, where successful and unsuccessful claims are related, "a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the [] court did not adopt each contention raised."[5]

The Petitioners sought an order from this Court remanding to the Commission and requiring reasoned decision-making. It was one "lawsuit" seeking a specific type of relief and all individual arguments in support of that relief were related; in

---

[5] *See also Or. Nat. Desert Ass'n v. Vilsack*, No. 2:07-cv-01871-HA, 2013 U.S. Dist. LEXIS 92766, at *8-9 (D. Or. July 2, 2013).

8

other words, they were different "contentions" raised in support of the same relief and all concerned the same factual scenario. *Am. Petroleum Inst. v. United States EPA*, 72 F.3d 907, 911-12 (D.C. Cir. 1996). The case could not have been brought or litigated though "separate lawsuits." *C.f.*, *Hensley*, 461 U.S. at 435. Thus all efforts toward the single form of relief sought and obtained should be recoverable. *Am. Petroleum Inst., supra.*; *Hensley*, *supra.*; *Goos v. Nat'l Ass'n of Realtors*, 68 F.3d 1380, 1385 (D.C. Cir. 1995). Stated succinctly, Petitioners obtained "excellent results" and any "reduction must be justified in light of the [Petitioners'] overall degree of success." *Goos v. Nat'l Ass'n of Realtors*, 74 F.3d 300, 302 (D.C. Cir. 1996) (on rehearing).

    **C.**    **The billing detail is adequate and justifies the amount claimed by CHD.**

CHD has proven its individual request is reasonable in total and for each part. CHD significantly limited its request, and reasonably supported what it did seek through detailed and itemized explanation of the time CHD counsel expended in pursuit of the case.

CHD is likely eligible for the fees incurred pursuing the arguments for remand the Court did not accept, but it voluntarily removed the time incurred for those arguments. McCollough Declaration ¶¶15-16, 20, 21.[6] Counsel therefore

---

[6] The removed attorney time totaled 113.55 attorney hours and 95.3 Paralegal hours. McCollough Declaration ¶21. This exclusion sums to more than $30,000.

exercised "billing judgment" by excluding any potentially "excessive, redundant, or otherwise unnecessary" hours. *Hensley*, 461 U.S. at 434; *Open Cmtys*, 2018 U.S. Dist. LEXIS 106303, *3-*4.[7] CHD voluntarily reduced the McCollough firm hours and fee claim by over 14% to eliminate concerns over things like block billing or activity that is not clearly recoverable.

CHD also did not seek fees for the large amount of time spent by CHD counsel Robert F. Kennedy, Jr. CHD did not seek fees for work done by other CHD personnel and experts. McCollough Declaration ¶3.[8] Nor did CHD seek recovery of the time it took to litigate the venue fight or to prepare and present the Fees Motion. *Id*. at ¶¶9, 16. These significant voluntary concessions and the more than 14% reduction to the McCollough Firm time materially reduce the need for exacting judicial review of each individual entry. *Open Cmtys.*, 2018 U.S. Dist. LEXIS 106303, *18.

---

[7] *See also Californians for Alts. to Toxics v. United States Forest Serv.*, 2007 U.S. Dist. LEXIS 78424, at *29-31 (E.D. Cal. Oct. 10, 2007); *Or. Nat. Desert Ass'n v. Vilsack*, No. 2:07-cv-01871-HA, 2013 U.S. Dist. LEXIS 92766, at *10-17 (D. Or. July 2, 2013); *Lyden v. Howerton*, 731 F. Supp. 1545, 1557 (S.D. Fla. 1990).

[8] CHD's personnel expended considerable effort coordinating the standing proof. *See* Pet. Br. 57-65; Initial Brief Addendum Vols. 2-4 (especially Affidavit of CHD employee Dafna Tachover, Doc. #1870855, pp. 6-19). The demonstration was so comprehensive the Respondents did not challenge standing. CHD's experts were also key to counsel's ability to comprehend the record evidence and being able to address it to the Court in a coherent fashion. CHD is at least arguably eligible to recover its expert and in-house costs, but voluntarily waived the opportunity in order to reduce the size of the fee award.

FCC incorrectly challenges certain entries claimed to represent "block billing." The disputed entries, however, "describe complementary tasks that would seamlessly occur and for which disaggregation would be difficult." They do not "lump together work on unrelated matters." *Open Cmtys.*, 2018 U.S. Dist. LEXIS 106303, *8-*9. For example, Opposition p. 16 disputes the line entry for July 28-29, 2020. Motion Attachment D at 9 (Doc. 1926587 p. 33). That entry relates to the final hours before the principal brief was due. It clearly states what occurred: finish the brief and addendum and coordinate with the other petitioner group all the way through client approval. It also notes that only 24 hours were charged even though in fact it required 39 straight hours. This is more than sufficient, as are all the other CHD entries the FCC mentions on Opposition pp. 15-18.

CHD "document[ed] the appropriate hours" *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995), by supplying "contemporaneous time records of hours worked . . . plus a detailed description of the subject matter of the work…" *In re Donovan*, 877 F.2d 982, 994 (D.C. Cir. 1989) (*per curiam*); *Ashraf-Hassan v. Embassy of Fr. in the United States*, 189 F. Supp. 3d 48, 58 (D.D.C. 2016). The supporting information allows the Court to evaluate the reasonableness of the expenditure of time, *Hensley*, 461 U.S. at 441 (Burger, C.J., concurring), and "make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed."

## CONCLUSION

The government's position was not substantially justified. The amount requested by CHD is reasonable and more than adequately justified. The Court should grant the Motion. CHD respectfully requests that the Court award **$184,515.07** as reasonable attorneys' and Paralegal fees pursuant to the EAJA.

Respectfully submitted,

| | |
|---|---|
| Robert F. Kennedy, Jr. | W. Scott McCollough |
| Children's Health Defense | McCollough Law Firm, P.C. |
| 1227 North Peachtree Pkwy #202 | 2290 Gatlin Creek Rd. |
| Peachtree City, GA 30269 | Dripping Springs, TX 78620 |
| rfk.fcc@childrenshealthdefense.org | Phone: 512-633-3498 |
| | wsmc@dotlaw.biz |

*Counsel for Petitioners 20-1138*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the formatting and type-volume restrictions of the rules of the U.S. Court of Appeals for the District of Columbia Circuit. The Motion was prepared in 14-point, double spaced, Times New Roman font, using the current version of Microsoft Word, in accordance with Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6). The Reply contains 2,591 words and therefore complies with Fed. R. App. P. 27(d)(2)(C).

/s/ W. Scott McCollough

## CERTIFICATE OF SERVICE

I hereby certify that, on January 25, 2022, I filed the foregoing in the United States Court of Appeals for the District of Columbia Circuit via the CM/ECF system. I further certify that all parties are registered CM/ECF users, and that service will be accomplished via electronic filing.

/s/ *W. Scott McCollough*
W. Scott McCollough
